IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CEDRIC MARTIN                                                            PLAINTIFF

                            v.              Civil No. 4:15-cv-04059

DEWAYNE FLOYD;
NURSE N. BROWN; and
LIEUTENANT ADAMS                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Cedric Martin pursuant to 42 U.S.C. §
1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O.
Hickey, United States District Judge, referred this case to the undersigned for the purpose of
making a report and recommendation.

Currently before the Court is Defendants' Motion to Dismiss.  ECF No. 8.  After careful
consideration, the Court makes the following Report and Recommendation.

1.      **BACKGROUND**

Plaintiff originally filed this case *pro se* on July 2, 2015.  ECF No. 1.  In his Complaint,
Plaintiff claims his constitutional rights were violated (1) when a toxic chemical was used inside
the pod he was housed in and (2) when he was denied medical care.  ECF No. 1.  According to
Plaintiff's address of record he is currently incarcerated in the Department of Community
Correction - Southwest Arkansas Community Correction Center in Texarkana, Arkansas ("DCC").[1]

---

[1] While Plaintiff's address of record remains the DCC, the Clerk of the Court was
recently notified that Plaintiff was released from the DCC.  However, the Court has no alternate

In his Complaint, Plaintiff alleges Defendant Brown denied him medical care.  Specifically, Plaintiff alleges Defendant Brown did not see him for twenty-one (21) days after he put in a medical request regarding his injuries sustained from the use of the chemicals in his pod. Additionally, Plaintiff specifically stated his official capacity claim against Defendant Brown as "[f]ailure to render medical attention."  ECF No. 1, p. 6.

In her Motion to Dismiss, Defendant Brown argues Plaintiff failed to state an official capacity claim upon which relief can be granted.  Defendant Brown further argues that Plaintiff did not allege the existence of any policy or procedure that reflects deliberate indifference to his serious medical needs.  ECF No. 9.

## 2.    APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

---

address available for Plaintiff at this time.

3.    **DISCUSSION**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the Defendant acted under color of state law and that she violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities.  *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998).  With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010).   In other words, Plaintiff's official capacity claim against Defendant Brown is treated as claims against Miller County.  *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish Miller County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted).  The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not

3

be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff has failed to do so. His only allegation is that Defendant Brown denied him medical attention for twenty-one (21) days.

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id.*, 725 F.3d at 828 (citations omitted).

Here, Plaintiff has only alleged that Defendant Brown denied him medical care on one

occasion.  A single deviation is insufficient to establish a custom.  *Id*. at 829.   Multiple incidents

occurring over a course of time are needed to establish a custom.  *Id.*  Plaintiff's allegations in this

case do not suggest the existence of any unconstitutional policy or custom of Miller County.

Accordingly, Plaintiff has failed to state an official capacity claim against Defendant Brown upon

which relief may be granted.

**4.     CONCLUSION**

For the foregoing reasons, I recommend Defendant Brown's Motion to Dismiss (ECF No.

8) be **GRANTED** and Plaintiff's official capacity claims against Defendant Brown be dismissed

without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in
which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely
objections may result in waiver of the right to appeal questions of fact.  The parties are
reminded that objections must be both timely and specific to trigger de novo review by the
district court.**

**DATED this 23rd day of November 2015.**

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE