IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CEDRIC D. MARTIN                                                                                      PLAINTIFF

v.                             Civil No. 4:15-cv-04059

DEWAYNE FLOYD, NURSE N. BROWN
And LIEUTENANT GOLDEN ADAMS                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed *pro se* by Plaintiff, Cedric D. Martin, pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendants' Motion for Summary Judgment.  ECF No. 28.  I held a hearing on June 9, 2016.  Plaintiff failed to appear and did not respond to the Motion for Summary Judgment.  After careful consideration, I enter the following Report and Recommendation.

### BACKGROUND

Plaintiff originally filed this case *pro se* on July 2, 2015.  ECF No. 1.  In his Complaint, Plaintiff claims his constitutional rights were violated when a toxic chemical was used inside the pod where he was being held and he was denied medical care.  ECF No. 1.  At the time Plaintiff filed his Complaint, he was incarcerated at the Miller County Detention Center ("MCDC").  According to the Court's docket, Plaintiff is no longer incarcerated and is residing in Texarkana, Arkansas.

Specifically, Plaintiff alleges Defendant Dewayne Floyd used a toxic chemical known as sulphuric acid on November 21, 2013 in the MCDC to unclog a stopped up sink and failed to remove the inmates from the pod.  As a result, Plaintiff claims exposure to the chemical caused

him to suffer headaches, dizzy spells, burning of his eyes and aching in his lungs. ECF No. 1. With respect to Defendant Golden Adams, Plaintiff claims he did not take his complaint about the use of sulphuric acid seriously. Plaintiff has sued Defendants Floyd and Adams in their individual and official capacities. The only remaining claim against Defendant Nurse Brown is in her individual capacity.[1] Plaintiff claims she denied him adequate medical care when she did not see him for twenty-one (21) days after he put in a medical request regarding his injuries sustained from the use of the toxic chemical in his pod.

Plaintiff has not communicated with the Court since August 12, 2015 when he filed a Motion to Appoint Counsel. ECF No. 14. On November 10, 2015 mail was returned to the Clerk via hand delivery because Plaintiff had been released from the MCDC. On January 29, 2016 the Court entered an Order changing the address of Plaintiff after the Court obtained Plaintiff's address. ECF No. 25.

Defendants Floyd and Adams filed a Motion for Summary Judgment on April 25, 2016. On May 24, 2016 this Court entered an Order advising Plaintiff that the hearing on Defendants' Motion for Summary Judgment was scheduled for June 9, 2016 at 3:00pm in Fort Smith, Arkansas. Plaintiff was directed to mail in any documents he intended to use as exhibits and advise the Court of his intent to appear at the hearing by June 2, 2016. ECF No. 31. This Order also advised Plaintiff that his failure to inform the Court he intended to appear would subject this matter to dismissal. Plaintiff did not respond to this Order and failed to appear at the hearing.

In addition to the Motion for Summary Judgment (ECF No. 28), Brief in Support (ECF No. 29) and Statement of Facts (ECF No. 30), Counsel for Defendants Floyd and Adams submitted the

---

[1] Plaintiff also filed an official capacity claim against Defendant Brown. This claim was dismissed pursuant to a Report and Recommendation (ECF No. 19) which was adopted by the Honorable Susan O. Hickey on December 15, 2015. ECF No. 20.

following exhibits for the Court's consideration: (1) Arrest/Booking Sheet/Miller County (ECF No. 30-1); (2) Grievances (ECF No. 30-2); (3) Sick Call Slips (ECF No. 30-3); (4) Clinical Pathways/Patient Clinical Data Forms (ECF No. 30-4); and Technical Data Sheet and Material Safety Data Sheet (ECF No. 30-5). According to Defendants, the product used to unclog the sink in the pod at the MCDC on November 21, 2013 was RAM-OUT. The Technical Data Sheet for the product acknowledges that toxic fumes can be released when using the product. However, the Material Safety Data Sheet makes clear that the product is safe to use with normal room ventilation. ECF No. 30-5.

## LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts

for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

1. <u>Failure to Prosecute and Comply with a Court Order</u>

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds a plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action even with prejudice based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff failed to appear at the hearing on June 9, 2016 and did not notify the Court of his intention not to appear despite this Court's Order to do so.  ECF No. 31.  Plaintiff has not communicated with the Court since August 12, 2015 and has also failed to keep the Court informed of his current address.  Accordingly, I recommend Plaintiff's Complaint be dismissed without prejudice based on Plaintiff's failure to prosecute this case and failure to comply with a court order. *See* Fed. R. Civ. P. 41 (b).  Notwithstanding recommendation of dismissal on these grounds, the Court finds the motion for summary judgment is well-founded on substantive grounds as well.

2. <u>Official Capacity Claims Against Defendants Floyd and Adams</u>

Section 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the

4

United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the Defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants Floyd and Adams are treated as claims against Miller County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010). [I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under Section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

5

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id.*, 725 F.3d at 828 (citations omitted).

Here, Plaintiff has only alleged that Defendant Floyd used sulfuric acid to unclog a sink once and that as a result he suffered headaches and dizzy spells. With respect to Defendant Adams, Plaintiff alleges he did not take his complaint seriously on one occasion. A single deviation is insufficient to establish a custom. *Id.* at 829. Multiple incidents occurring over a course of time are needed to establish a custom. *Id.* Plaintiff's allegations in this case do not suggest the existence of any unconstitutional policy or custom of Miller County. Accordingly, I recommend the official capacity claims against Defendants Floyd and Adams be dismissed.

    3. <u>Individual Capacity Claims against Defendants Floyd and Adams.</u>

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Circuit applies the same deliberate indifference standard to pretrial detainees and convicted inmates. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to claims, brought by pretrial detainees and convicted inmates, that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment to the

United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. Amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions involving "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner". *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Defendant Floyd used a product – RAM OUT – that contained sulphuric acid to unclog a stopped up sink in a pod area in the MCDC on November 21, 2013. This product is used to dissolve hair, paper, grease, tobacco, tea bags and other organic obstructions. ECF No. 30-5. According to the product's Technical Data Sheet and Material Safety Data Sheet when used as directed RAM OUT is safe to use in an area with normal room ventilation. ECF No. 30-5. The record indicates the product is also used by the MCDC maintenance staff in the offices of the Warden. ECF No. 30-2. The record shows the pod where the product was used on November 21, 2013 is an open area with at least normal room ventilation. ECF No. 30-2.

There is nothing in the record to suggest Defendant Floyd acted with deliberate indifference to the health or safety of Plaintiff. The same is true for Defendant Adams. Plaintiff's only complaint against him is that he did not take his complaint about sulphuric acid seriously. Taking the allegations made by Plaintiff as true, there is no merit to the claims against Defendants Floyd or Adams. Therefore, I recommend the individual claims against Defendants Floyd and Adams be dismissed.

4. Individual Capacity Claim Against Defendant Brown

Plaintiff alleges that Nurse Brown failed to provide adequate medical care to him because she did not see him for twenty one (21) days after he allegedly submitted a sick call after he was exposed to sulphuric acid on November 21, 2013. "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*), 429 U.S. 97, 103 (1976)). The Eighth Amendment deliberate indifference standard applies to all denial of medical care claims. *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012). The deliberate indifference standard has both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). A plaintiff must demonstrate (1) he suffered an objectively serious medical need; and (2) the defendant actually knew of the medical need but, subjectively, was deliberately indifferent to it. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006).

According to Defendants, the first time Plaintiff submitted a sick call was on January 4, 2014. Plaintiff stated he had a migraine and was experiencing dizzy spells since November 21, 2013. The Medical staff at the MCDC then referred him to Clinical Pathways. Three days later Plaintiff filed another sick call on January 7, 2014 stating he had constant migraines and sudden dizzy spells. The MCDC medical staff again referred him to Clinical Pathways. ECF No. 30-3. Plaintiff

was seen in the clinic on January 7, 2014 for headaches. ECF No. 30-4. On January 9, 2014 Plaintiff filed a sick call claiming he had a headache since November 21, 2013. He was seen by the MCDC medical staff and it was noted that his blood pressure was elevated. Plaintiff was then prescribed Clodine. ECF No. 30-3. On January 13, 2014 Plaintiff filed another sick call stating he had a real bad headache and also had razor bumps. The MCDC medical staff referred him again to Clinical Pathways. ECF No. 30-3.

On January 14, 2014 Plaintiff filed another grievance re-stating his allegation that a strong chemical was used to clean his cell on November 21, 2013. Plaintiff stated he put in a sick call on November 21, 2013 but medical never responded. ECF No. 30-2. Warden Brazell responded on January 25, 2014 and stated that if Plaintiff had put in a sick call that day medical would have seen him. Brazell contacted the MCDC medical staff and they advised him that they did not have a sick call from Plaintiff on November 21, 2013. ECF No. 30-2.

Plaintiff was seen in the clinic on January 15, 2014 for headaches. Plaintiff filed another sick call on February 17, 2014 complaining again he had experienced dizzy spells and headaches. ECF No. 30-4. Plaintiff again filed a sick call on February 19, 2014 with the same complaints. It is noted by the MCDC medical staff that Plaintiff had refused his blood pressure medication on several occasions and if he would take his blood pressure medication he would not have headaches or dizzy spells. ECF No. 30-3. Plaintiff filed another sick call on February 23, 2014 with the same complaints of headaches and dizzy spells. ECF No. 30-3.

Nothing in the record shows Plaintiff submitted a sick call on November 21, 2013. Plaintiff submitted seven sick calls between January 4 and February 23, 2014. It is clear Plaintiff knew the

procedure for submitting sick calls.[2]  There is nothing to show Defendant Brown was deliberately indifferent to Plaintiff's request for medical care.  Instead the record demonstrates Defendant Brown timely responded to all sick calls filed by Plaintiff.  Consequently, I recommend the claim for denial of medical care against Defendant Brown be dismissed.

## CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (ECF No. 28) be **GRANTED**.  All claims against Defendants Dewayne Floyd, Nurse Brown, and Golden Adams should be dismissed without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of June 2016.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff did submit two grievances on November 21, 2013 but these cannot be converted into sick calls for purposes of this lawsuit.  Sick calls are communicated directly to the medical staff at the MCDC while grievances are not.